David PLOUDRE, et al.,
Plaintiff-Appellant,

v.

Barbara PLOUDRE,
Defendant-Respondent.

No. 44582.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

Rehearing Denied May 14, 1982.

Arnold T. Phillips, Jr., St. Louis, for plaintiff-appellant.

Joel Case, Manchester, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a grant of a motion for a summary judgment on one count of respondent's three count counterclaim. The appeal is dismissed.

On January 12, 1981 Louis N. Ploudre died. On January 5, 1981 Louis Ploudre conveyed his house at 2145 Bon Royal Drive, Des Peres, Missouri by quit claim deed to the appellants, his four children. The decedent retained a life interest in the house. The decedent was in the hospital at the time of the transfer and never returned to the house.

Appellants paid no consideration for the conveyance. Louis Ploudre's wife, the step-mother of appellants, and the respondent in this case, did not join in or know of the conveyance. Respondent was not living in the house on January 10, 1981, two days before her husband died.

After Louis Ploudre died appellants brought a trespass action against respondent, but appellants failed to include the trespass petition in the record on appeal. Respondent answered and filed a three count counterclaim. She claimed in her first count that the January 5, 1981 conveyance was a fraud on her marital rights and requested that the court declare the conveyance to be void and order the house reconveyed to Louis Ploudre's estate. In her second count respondent stated a claim for actual and punitive damages alleging that appellants committed several intentional torts against her, including trespassing, abuse of process, and false imprisonment. Respondent, in her third count, requested injunctive relief to restrain appellants from interfering with her use of the house.

The trial court entered a summary judgment in favor of respondent on the first count of her counterclaim, but did not rule on the petition or the other two counts of respondent's counterclaim. The court did not designate the judgment on count one of the counterclaim to be a final judgment. Rule 81.06. This is the judgment that appellants now attempt to appeal from.

This court must sua sponte dismiss an appeal if the judgment is not final. *Massey v. Hamilton*, 564 S.W.2d 618, 619 (Mo.App.1978). The entry of a summary

judgment on the first count of respondent's counterclaim did not dispose of all the issues and all the parties.[1] The summary judgment therefore was not an appealable order because the trial court did not designate it as final for purposes of appeal. Rule 81.06; *Lawrence v. Steadley Company, Inc.*, 566 S.W.2d 518, 520 (Mo.App.1978); *Massey v. Hamilton, supra.*

The appeal is dismissed.

REINHARD, P. J., and CRIST, J., concur.

---

1. In addition to the decedent's children, Arnold T. Phillips, Recovery Services, Inc., (a Missouri corp.) d/b/a World Wide Investigations, Ronald White and Casey Adams were named as plaintiffs in original petition. The record discloses no disposition of the claim for or against these parties.