**MAINSTREET ENTERPRISES, INC.,**
**Plaintiff-Appellant,**

v.

**CITY OF BERKELEY, Missouri,**
**Defendant-Respondent.**

**No. 45588.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 9, 1983.

Harvey I. Feldman, Clayton, for plaintiff-appellant.

Louis S. Czech, Clayton, for defendant-respondent.

SNYDER, Presiding Judge.

This is an appeal by Mainstreet Enterprises, Inc. (Mainstreet) from a judgment of the Circuit Court of St. Louis County affirming the decision of respondent's city council not to renew the municipal liquor license of appellant. The appeal is dismissed because the judgment failed to rule on Count III of appellant's petition.

Mainstreet runs a tavern in the City of Berkeley known as the Mainstreet Disco. At the hearing conducted by the Berkeley city council evidence was adduced which tended to establish that the Mainstreet Disco was a lewd and disorderly establishment. After hearing the evidence, the city council issued findings of fact and conclusions of law in support of its refusal to renew Mainstreet's municipal liquor license.

Mainstreet apparently sought review of the Berkeley city council's decision not to renew the liquor license by injunction and mandamus under § 536.150 RSMo.1978. In its petition to the St. Louis County Circuit Court, Mainstreet sought a writ of mandamus in Count I, injunctive relief in Count II, and an award of actual and punitive damages from the City of Berkeley in Count III.

The circuit court issued its decree, which in pertinent part stated: "Causes having heretofore been heard and submitted Court finds that there is substantial evidence on the record as a whole and affirms the decision of the City Council as to Counts I and II which relate to review of the license revocation while Count III is for damages and therefore Count III is bifurcated."

The dispositive question is whether the judgment of the circuit court is final for purposes of appeal. The question is raised *sua sponte* because it determines the existence of this court's jurisdiction. See *Union Electric Co. v. City of St. Louis,* 636 S.W.2d 75[1] (Mo.App.1982).

"The general rule is that a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination." *Elliott v. Harris,* 423 S.W.2d 831, 832[1, 2] (Mo.banc 1968). Here the judgment of the circuit court disposes of two counts of Mainstreet's petition while leaving until another day a decision on Mainstreet's Count III, the count for damages. All three counts arise out of the same event, namely the refusal by the Berkeley city council to renew Mainstreet's municipal liquor license. Cf. *Elliott v. Harris, supra.* Because the

count requesting damages has not been ruled on by the circuit court, which is sitting without a jury, the judgment is not final for purposes of appeal. Rule 81.06; see also *Graham v. Bottorff,* 240 S.W.2d 191 (Mo.App.1951). The appeal must therefore be dismissed. § 512.020 RSMo.1978; *Ploudre v. Ploudre,* 634 S.W.2d 224[1, 2] (Mo. App.1982).

Berkeley's motion to dismiss the appeal because of Mainstreet's failure to comply with Rule 84.04(d) in stating its points relied on was taken with the case but now becomes moot.

The appeal is dismissed.

DOWD, C.J., and GAERTNER, J., concur.