Karen F. SCHWARTZ and Elbert Ewing, Plaintiffs-Appellants,

v.

Thomas WALSH and Elva L. Walsh, his wife; Joseph J. Dolgin, Trustee; Benjamin F. Stepman and Audrey V. Stepman, his wife; and George C. Leachman, Defendants-Respondents.

No. 49231.

Missouri Court of Appeals, Eastern District, Division One.

June 11, 1985.

Morris E. Stokes, St. Charles, for plaintiffs-appellants.

Steven M. Hamburg, David H. Rubin, Clayton, for respondents Thomas and Elva Walsh.

Jerry A. Klein, Clayton, for respondents Dolgin, and Benjamin and Audrey Stepman.

CARL R. GAERTNER, Judge.

Plaintiffs Elbert Ewing and Karen Schwartz appeal from the trial court's dismissal of their petition in a suit to quiet title to real estate purchased at a tax sale in St. Louis County. We dismiss the appeal without prejudice as premature.

The controversy began when Bernard Feinstein purchased the subject property at a tax sale conducted by the St. Louis County Collector of Revenue and placed the title in Elbert Ewing's name as nominee. Ewing, through Feinstein's attorney, then filed a suit to quiet title. Named as defendants were Thomas and Elva Walsh, the previous owners; Benjamin and Audrey Stepman, the holders of the Deed of Trust; and Joseph Dolgin, the trustee under the Deed of Trust. Defendants then filed separate counterclaims and crossclaims. Specifically, the Stepmans and Dolgin filed a counterclaim asking that the collector's deed be declared void, that the Deed of Trust was in full force and effect, and that §§ 140.150(2) and 140.170(2), (3), RSMo. 1978, be declared unconstitutional. Mr. and Mrs. Walsh's counterclaim against Ewing asked that the collector's deed be set aside, and Dolgin's counterclaim asked that the court find plaintiff Ewing had no right to the property or that whatever interest he may have was subject to the deed of trust. The Walshs also counterclaimed against George Leachman, the Collector of Revenue, claiming certain irregularities existed at the tax sale. Finally, a crossclaim was filed by the Walshs against defendants Dolgin and the Stepmans seeking a declaratory judgment as to the rights and obligations of the parties with respect to an escrow agreement, an order that the Walshs' monthly payments be made to the court registry pending litigation, a temporary injunction preventing foreclosure on the Deed of Trust and for damages due to the Stepmans' breach of the escrow agreement.

During discovery, defendants attempted to depose plaintiff Ewing. Despite prior advice that he could not be located, defendants held the deposition as scheduled. After Ewing failed to appear, defendants made a motion for sanctions, which was granted and costs assessed at a total of $36.90. We also note all answers to the interrogatories propounded to Ewing were filed under his attorney's signature. Prior to defendants' motion for sanctions, Ewing conveyed the subject property to Karen Schwartz who was added as a party plaintiff. A motion to substitute Schwartz for Ewing as plaintiff was denied. Schwartz and Ewing then filed their amended petition, which pursuant to the Walshs' motion for sanctions, the court dismissed issuing the following order:

> Defendant's motion for sanctions heretofore argued and taken as submitted are hereby sustained. The court orders that this cause be dismissed.

The record on appeal shows no disposition of the remaining counterclaims and crossclaim. It is from this order entered September 18, 1984 that Ewing and Schwartz appeal.

Defendants have moved to dismiss this appeal contending the order did not constitute a final appealable judgment. We agree. A final appealable judgment must dispose of all parties and issues leaving nothing for future determination. *Reeves v. Smith*, 621 S.W.2d 534 (Mo.App. 1981). Clearly, the remaining claims arise out of the same occurrence, subject matter or transaction as those asserted in plaintiffs' petition and we have no authority to

act as a legal advisory board to the parties in situations where the trial court has failed to dispose of all issues raised by the pleadings. *Macon-Atlanta State Bank v. Gall,* 647 S.W.2d 585 (Mo.App.1983), appeal after remand, 666 S.W.2d 934 (Mo.App. 1984). Rule 81.06, V.A.M.R. The order in question did not purport to adjudge the pending counterclaims and crossclaims nor did it order a separate trial as to the remaining issues or specifically designate it as a final judgment for purposes of appeal. *Ploudre v. Ploudre,* 634 S.W.2d 224, 225 (Mo.App.1982). Absent an adjudication of the various counterclaims and crossclaims thus disposing of all parties and issues, the order dismissing plaintiff's petition was not a final judgment. Accordingly, we are without jurisdiction and the cause must be dismissed and remanded for future proceedings on the remaining claims.

PUDLOWSKI, P.J., and KAROHL, J., concur.