**In re The MARRIAGE OF Josephine RIDENHOUR, Petitioner–Respondent,**

**and**

**James H. Ridenhour, Respondent–Appellant.**

**No. 15061.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 29, 1988.

Ronald D. White, Robinson, Turley, Turley & White, Rolla, Joseph W. Rigler, Springfield, for petitioner-respondent.

Van A. Miller, Waynesville, for respondent-appellant.

GREENE, Presiding Judge.

James H. Ridenhour appeals from what purports to be final orders of the trial court which awarded James' former wife, Josephine Ridenhour, maintenance and attorney fees, and divided the marital property of the parties. We do not reach the merits of the controversy, but dismiss the appeal, and remand the cause for further trial court orders, because there is no identifiable final judgment from which appeal will lie.

The marriage of the parties was dissolved in 1980. The decree awarded Jo-

sephine custody of the parties' three minor children, and $150 per month per child, a total of $450 a month, as child support. The decree also provided that James pay Josephine $250 a month as maintenance until April 4, 1986, the date their youngest child would become 18 years old, when the maintenance award was to become a sum equal to 50 percent of the amount James was receiving in retirement benefits from the United States Army. Marital property of the parties, with the exception of James' military retirement benefits, was distributed. Although the benefits were declared marital property, the only reference to their distribution was contained in the future maintenance award provision.

In July of 1985, James filed a motion to modify the dissolution decree seeking termination of Josephine's maintenance award. In his motion, James alleged as changed circumstances that he had become physically disabled, that his income had diminished, and that Josephine was capable of supporting herself. In her amended answer to James' motion, in addition to contesting the motion to terminate maintenance, Josephine requested a division of the retirement pay, claiming that it had not been distributed by the trial court in the dissolution decree. She also requested an award of attorney fees.

On June 27, 1986, an evidentiary hearing was held, after which the trial court denied James' motion to terminate maintenance, and took the other issues under advisement. On December 23, 1986, the trial court filed not one order, but two, both signed by the trial court judge, and both purporting to be a final determination of the matters in issue.

In one order, which the court declares is based on a stipulation and agreement of the parties, Josephine is awarded 25 percent of James' current retirement pay as maintenance, plus 25 percent of any future increases he receives in it, and is also awarded 25 percent of the retirement benefits as her share of the marital asset. The order is silent as to whether or not this percentage applies to a future value increase.

In the other order, there is no reference to a stipulation and agreement of the parties. It awards Josephine $225 a month as maintenance, with no provision for future increases, and awards her, as a division of marital property, 25 percent of the retirement pay and any future increases. This order also allows Josephine $1,500 attorney fees, while the other does not. There is nothing in either order indicating which was filed first, or that declares one supersedes, modifies, or amends the other.

The two orders are contradictory, and we have no clue as to which was to be the final order of the court. We cannot say with any degree of certainty which, if either, is a final determination of the rights of the parties. Since such a determination is mandated as a prerequisite to having a final judgment from which appeal will lie, *S.W. Forest Indus. v. Loehr Employment, Etc.*, 543 S.W.2d 322, 324 (Mo.App.1976), we have no choice but to dismiss the appeal for lack of a final judgment.

Even though no motion to dismiss the appeal has been filed by respondent in this case, it is our duty to raise the issue, as determination of whether there is a final judgment concerns the existence of our jurisdiction. *Altman v. Werling*, 509 S.W.2d 787, 787–88 (Mo.App.1974); *Mainstreet Enterprises v. City of Berkeley*, 656 S.W.2d 284, 285 (Mo.App.1983).

The appeal is dismissed, and the cause is remanded to the trial court with directions to set aside both of its orders filed on December 23, 1986, and to conduct such further proceedings as are necessary to enable it to enter a final order in this cause from which appeal will lie.

CROW, C.J., and HOLSTEIN, J., concur.