JOHN HELSTEIN, RESPONDENT, v. PAUL W. SCHMIDT, APPELLANT.—
78 S. W. (2d) 132.

Kansas City Court of Appeals. January 7, 1935.

*H. P. Lauf* and *Ira H. Lohman* for respondent.

*Irwin & Bushman* and *Lewis H. Cook* for appellant.

REYNOLDS, C.—This case is here on appeal from an order and judgment of the Circuit Court of Cole County on a motion sustained by it setting aside an order or judgment theretofore made by it at the same term off-setting and satisfying two cross-judgments in which the position of the respective parties as plaintiff and defendant was reversed.

It appears that, on February 12, 1931, one John Helstein obtained a judgment against the appellant herein, Paul W. Schmidt, for the sum of $650 in the Circuit Court of Cole County, which judgment was by said John Helstein, on February 13, 1931, by instrument of writing duly acknowledged, sold and assigned to the movant herein, Ed Kuehn. Such assignment was later filed in the office of the circuit clerk of Cole County, on September 9, 1933, upon which date the following assignment of said judgment appears to have

been endorsed upon the margin of the judgment record, to-wit: "This judgment is assigned and transferred to Ed Kuehn as per agreement filed herein this 9th day of September, 1933. (Signed) Ira H. Lohman, Att'y for John Helstein. Attest: Guy M. Sone, Clerk, By John M. Lauf, Deputy." Prior to this date, no entry of filing respecting the assignment or transfer of such judgment appears in such office. An appeal was prosecuted from said judgment by Paul W. Schmidt, appellant herein, to this court where, at the March term, 1933, such judgment was affirmed. Subsequent to such affirmance, the appellant herein filed his petition in the Circuit Court of Cole County against the said John Helstein, by which he sought the recovery of a judgment against the said Helstein for certain damages therein alleged, to which petition the said Helstein entered his voluntary appearance and waiver of summons in writing. Thereafter, such proceedings were had in such cause that a final judgment by default was rendered in favor of the appellant herein against the said Helstein on August 12, 1933, for $650 with interest at six per cent per annum from February 12, 1931. Thereafter, on the same date of August 12, 1933, the appellant herein filed his certain motion in said court that his said judgment against the said Helstein and the judgment of the said Helstein against himself be set off, the one against the other, and that he be permitted to pay into court for the said Helstein the sum of $44.10, the amount of the excess of the judgment of the said Helstein against himself above the amount of his judgment against the said Helstein, which motion, upon a hearing thereof, the court, on August 12, 1933, sustained; and such court entered its order and judgment off-setting said judgments, the one against the other, and, the appellant herein having paid into court for the said Helstein the said sum of $44.10 (the excess noted above), declared both of said judgments to be satisfied in full.

Thereafter, on August 22, 1933, Ed Kuehn, hereinafter termed the movant, as assignee of said judgment in favor of the said Helstein, the respondent herein, against Schmidt, the appellant herein, filed his motion in the Circuit Court of Cole County to set aside the order and judgment of such court of date August 12, 1933, off-setting said judgments, and to reinstate the judgment in the case of Helstein v. Schmidt, which motion, on September 9, 1933, was heard and sustained by the court; and the court, by its judgment, directed that its order of August 12, 1933, off-setting and satisfying said judgments, be set aside and vacated and that all other entries made in said matter, except the entry of the judgment of Schmidt v. Helstein, be set aside and vacated and that the clerk of the court restore to Schmidt the $44.10 paid into court for the benefit of Helstein by the said Schmidt and that the judgment of February 12, 1931, rendered in favor of the said Helstein against the said Schmidt for

$650 with interest and costs be reinstated and the assignment thereof to Kuehn sustained and that the costs be taxed against the said Schmidt, which said order of the court was as follows:

"Now on this 9th day of September, 1933, comes on to be heard the motion of Ed H. Kuehn, assignee of John Helstein to set aside the order and off-setting off-setting the judgment of John Helstein v. Paul W. Schmidt, and satisfying the same, and comes the said Paul W. Schmidt and files herein his answer to said motion to which answer is filed the reply of Ed H. Kuehn.

"And all parties interested therein announce ready to hear said motion, and the court, after hearing the evidence and being fully advised in the premises, does find that on the 12th day of February, 1931, John Helstein obtained judgment in this court against Paul W. Schmidt for the sum of $650, interest and costs, and that on the 13th day of February, 1931, John Helstein, for value received, duly assigned, transferred, and sold said judgment to Ed H. Kuehn and that the order of this court made on August 12, 1933, off-setting said judgment with judgment obtained by Paul W. Schmidt v. John Helstein, was made without notice to the said John Helstein or to Ira H. Lohman, his attorney of record, or to Ed H. Kuehn, the assignee of said judgment, and that on the 12th day of August, 1933, the said John Helstein had no interest in the said judgment as he had previously assigned the same to Ed H. Kuehn by an instrument of writing duly acknowledged and that said judgment was not subject to off-set by the judgment obtained by Paul W. Schmidt against John Helstein and that said off-set should be set aside and the motion of Ed H. Kuehn sustained.

"WHEREFORE it is considered and adjudged by the court that the order of this court made on the 12th day of August, 1933, by this court during this term, off-setting and satisfying the judgment of John Helstein v. Paul W. Schmidt, rendered in this court on the 12th day of February, 1931, be set aside and all orders made by this court in said cause on August 12, 1933, during this term of court, off-setting and satisfying the same be vacated, except the entry of the judgment of Paul W. Schmidt v. John Helstein, and that the clerk of this court be ordered to return to Paul W. Schmidt the $44.10 paid into this court and that the judgment of John Helstein v. Paul W. Schmidt, rendered in this court of the 12th day of February, 1931, for $650 interest and costs be reinstated and the assignment thereof to Ed H. Kuehn be sustained and that the cost of this proceeding be taxed against Paul W. Schmidt and execution issued against him therefor."

The grounds of the motion to set aside the order and judgment off-setting and satisfying such cross-judgments appear to have been that, at the time the petition for said order was filed and at the time said order was afterwards made and at the time the appellant here-

in, Schmidt, obtained his judgment in the Circuit Court of Cole County against Helstein for the sum as aforesaid of $650, the said Helstein had previously sold, assigned, and transferred his said judgment to the movant, Kuehn, and at such times had no interest in said judgment but that the same, at all such times, was the property of the said movant and said judgment, being the property of such movant at the time at which it was off-set and satisfied, was not subject to off-set against appellant's judgment against the said Helstein and such judgment of off-set and satisfaction when made was made and rendered without notice to the said Helstein or to his attorney of record and without any notice to Kuehn, the assignee thereof. It was also alleged in said motion that said judgment was subject to a lien for an attorney's fee in favor of Helstein's attorney.

The answer denied any information, knowledge, and belief as to whether said judgment had been assigned and therefore denied that it had been assigned. The alleged assignment was also challenged thereby as ineffectual and inoperative for the reason that it did not comply with the provisions of Section 1136, Revised Statutes 1929, relating to the assignment of judgments, in that such assignment was not attached to the record of the judgment and attested on the margin thereof by the clerk of the court and that the debtor therein had no notice—actual, constructive, or otherwise—of such assignment.

The reply to such answer was a general denial.

The appellant herein, at the close of all the evidence, requested a declaration of law in the nature of a demurrer directing a finding in his favor, which declaration was by the court refused.

Upon the trial, the movant introduced the judgment record of the circuit court for $650, together with the pleadings in the case of Helstein v. Schmidt. That the judgment in such case was affirmed by this court on appeal was admitted. There was evidence sufficiently showing that one Ira Lohman, attorney for movant, was attorney for Helstein in the litigation resulting in said judgment; that, upon appeal, this court affirmed said judgment; that a reasonable fee for said attorney's services was one-half the amount of the judgment rendered; and that no part of said fee had been paid him. Likewise, the movant introduced the judgment record of the court, together with the pleadings in the case of Schmidt v. Helstein.

The written assignment by Helstein of his judgment to the movant, Kuehn, of date February 13, 1931, duly acknowledged, was introduced in evidence. There was also evidence tending to show that such assignment was made upon a valuable consideration. It was also shown by the evidence that such assignment was filed in the office of the clerk of the circuit court on September 9, 1933, and that an endorsement was thereupon entered on said date upon the

margin of the judgment record by the attorney for Helstein, duly attested by the clerk of the court, to the effect that said judgment had been assigned to the movant, Kuehn, by said instrument filed by the said Helstein. There was no evidence, however, prior to that date, of any notice to appellant herein—actual, constructive, or otherwise—of such assignment. There was evidence tending to show that, upon the trial of the cause of Helstein v. Schmidt, the cause of action later asserted by Schmidt in his action against Helstein, upon which he recovered his judgment for $650, was presented in the answer of appellant herein as a counterclaim in the said cause and was withdrawn by Schmidt or eliminated by the court, so that Helstein and his attorney had notice of such claim at that time; but that they had any notice of the continued assertion of such claim by appellant herein, after the termination of such trial, does not appear; nor does it appear that the movant herein ever had any notice of such claim.

There was evidence tending to show that the written entry of appearance and waiver of summons by Helstein in the suit of Schmidt against him was prepared by L. H. Cook, one of the attorneys of the appellant herein. The evidence fails to show that Helstein or his attorney of record or his assignee, Kuehn, the movant herein, was ever given any notice or had any knowledge of appellant's motion to off-set the Helstein judgment with the Schmidt judgment or any notice of the judgment or order of the court upon such motion off-setting such judgment and satisfying the same until after the same was made.

OPINION.

■ The appellant assigns as error the action of the court below in setting aside its order and judgment off-setting the judgment of Schmidt v. Helstein against the judgment of Helstein v. Schmidt, as set forth in the record, contending that its action in such regard is contrary to and in conflict with the provisions of Section 845 of the Revised Statutes 1929, which is as follows:

"Whenever any circuit court shall render final judgment in causes in which the parties shall be reversed, and shall sue and be sued in the same right and capacity, such court may, whether such judgment be rendered in the same court or not, if required by either party, set-off such judgment, the one against the other, and issue execution in favor of the party to whom the balance may be due, and credit such execution with the amount of such set-off."

■ It is contended that, from the language of said section, it was obligatory upon the trial court to off-set said judgments upon appellant's motion and request and that, in setting aside its former order and judgment so directing, it refused such set-off and violated the positive directions of said section.

We are not, however, inclined to such view. It is held that off-set is a matter to be governed by the rules of equitable procedure and is therefore a matter within the inherent power of the court as a court of equity, regardless of such statute. [Wabash Railroad Co. v. Bowring, 103 Mo. App. 158, 77 S. W. 106; Field v. Oliver, 43 Mo. 200; Foote v. Clark, 102 Mo. 394, 14 S. W. 981; Fulkerson v. Davenport, 70 Mo. 541; Walton v. Catron, 125 Mo. App. 501, 102 S. W. 1058.]

The section quoted does not take from the court its inherent power in respect to such matters or its right to the discretionary exercise of such power, but is confirmatory thereof.

Such section does not require that, in all cases, set-off is to be peremptorily ordered, regardless of circumstances; but it merely confirms the power in the court to make such set-off when required by either of the parties. The language of the section is that the court "may" set-off such judgments when required by either of the parties, which means simply that, when either party invokes the exercise of its jurisdiction in such behalf in a proper proceeding and upon grounds therefor justifying such action, it may order such set-off. Whether such power is to be exercised by the court in any event depends, in the first instance, upon the existence of equitable grounds therefor, requiring an exercise of jurisdiction by the court. [Same authorities cited, supra.] The mere existence of the cross-judgments is not sufficient grounds therefor. [Wabash Railroad Co. v. Bowring, supra.] So, it does not necessarily follow that the trial court, in refusing to off-set the cross-judgments involved herein, violated the provisions of said section. In the original motion of the appellant herein requesting that such judgments involved herein be set off, the one against the other, no equitable ground is set forth as a reason for such action; and neither does the order of the court made upon said motion appear affirmatively to be based upon any equitable ground.

The court, in the first instance, was not required to make such order where the motion therefor was based alone upon the existence of the cross-judgments. The mere existence of such cross-judgments was not sufficient to present an equitable ground for the exercise of jurisdiction by the court to make such set-off.

■ However, that there was no equitable ground advanced by appellant in his motion necessary to lay a foundation for off-setting the judgments involved and that none appeared upon which the order of the court for such off-setting rested are not assigned by the movant in his motion to set aside such order and judgment; and it follows that whether the final order of the trial court setting aside its original order setting off and satisfying such judgments was erroneous or otherwise must be determined upon other grounds.

282

■ The grounds upon which the court made its final order setting aside its original order off-setting the judgments appear in the recitals of such final order, which appear hereinbefore fully set out, chief among which are that, at the time the original order was made, the judgment in favor of Helstein had been by him assigned to the movant, Kuehn, and that Helstein had no interest therein and that therefore such judgment was not at the time subject to be set off in appellant's favor against appellant's judgment against Helstein and that not Helstein or his assignee Kuehn, the movant herein, or the attorney of record in the proceedings in which said judgment was rendered was given or had any notice of said order of set-off at the time it was made or prior thereto or of appellant's motion therefor.

■ The appellant's motion for set-off is to be regarded as a special motion and one made in a summary proceeding. The law is well settled that notice of motions of such character should be given to all parties whose rights and interests are to be affected thereby, in order that such parties may appear for their own protection. [Laughlin v. Fairbanks, 8 Mo. 367; George v. Middough, 62 Mo. 549, l. c. 551; Dougherty v. Manhattan Rubber Mfg. Co. (Mo.), 29 S. W. (2d) 126, l. c. 127.] The lack of such notice vitiates the proceedings. [Laughlin v. Fairbanks, supra.] Application for a set-off may ordinarily be made by motion upon notice given to the opposite party. [34 C. J., sec. 1094.]

■ That appellant had no knowledge of the assignment of the judgment against him by Helstein or of the assignee thereof at the time the same was set off does not affect the right to notice of the assignee or other parties interested, unless there exist some grounds for estoppel against the assertion of such right by him or them. If such grounds exist, they do not fully appear in the record.

■ If, at the time the judgments involved were set off, the judgment in favor of Helstein had been assigned by him to the movant, Kuehn, and Helstein no longer had any interest therein, then clearly such judgment was not subject to be set off against the appellant's judgment, for the reason that there was no existing mutuality of indebtedness existing between appellant and Helstein with respect to such judgments necessary to the set-off of the one against the other. [57 C. J., p. 444, par. 95.]

■ The assignment of the judgment in Helstein's favor, by Helstein to Kuehn, appears to have been made the next day after it was rendered; and appellant's judgment against Helstein does not appear to have been rendered until over two years afterward. The statute in question has no application, in any event, to such a situation. [Skinker v. Smith, 48 Mo. App. 91.]

■ The contention of appellant to the effect that the written assignment of the Helstein judgment was ineffectual and failed to divest Helstein of his interest therein and to vest it in the movant,

Kuehn, for the reason that such was not attached to the judgment record or endorsed thereon and attested by the clerk of the court in the manner provided by Section 1136, Revised Statutes 1929, at the time it was made, is not well taken. It is true that such section does provide a manner in which judgments may be assigned, but the manner therein provided is not exclusive. [Crocelius v. Bierman, 72 Mo. App. 355; Knapp, Stout & Co. v. Standley, 45 Mo. App. 264.]

That it may be assigned by instrument in writing, as was done in this case, and the title thereto passed to the assignee in an effectual manner, as between such assignor and assignee, fully appear from the authorities cited supra, although it may be true that the debtor in such judgment may not be bound by such assignment, prior to notice thereof. Notice to the appellant Schmidt of such assignment by Helstein, however, was made by the filing of such assignment with the clerk of the court and the endorsement of such assignment upon the margin of the record by Helstein's attorney, all attested by the clerk. Nothing appears in the meantime, between the time the assignment was made and the time it was filed in the clerk's office and attached to the record and endorsement of such assignment made upon the record, that rendered such assignment ineffectual, so far as appellant was concerned, or that prevented it from becoming effectual as to him. No equity intervened in his favor, so far as shown by the record, by which he might have avoided such assignment or treated it as not having been made, so far as he or his rights might have been in any way involved or affected thereby.

The assignment herein involved being good between Helstein, the grantor, and his assignee, Kuehn, the right to set-off, that might have existed between appellant and Helstein had such assignment never been made, under the facts in the record, was fully cut out—although appellant had no notice of such assignment at the time it was made—in the absence of any showing in the record of some intervening matter by which it became inequitable to enforce such assignment as against him. Nothing of that kind appears.

The judgment of the trial court should be affirmed: It is accordingly so ordered. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.