STATE of Missouri ex rel. REYNOLDS COUNTY, Missouri, Plaintiff–Respondent,

v.

Daniel BANDERET and Francis M. Banderet, his wife et al., Defendants–Appellants.

No. 11513.

Missouri Court of Appeals, Southern District, Division Three.

Nov. 7, 1980.

L. Dwayne Hackworth, Centerville, for plaintiff–respondent.

A. W. Dieffenbach, Jr., Hillsboro, George L. Fitzsimmons, Clayton, for defendants–appellants.

GREENE, Judge.

Plaintiff Reynolds County, by a third amended petition, sued defendants, asking for an injunction to prevent defendants from obstructing a public road, known as Hyatt's Creek Road, by placing gates across it. In response to the petition, defendants Daniel and Francis Banderet, John and Louise Cutelli, and Michael and Linda Koch then filed a pleading designated as a counterclaim, in which they denied the existence of any public road across their lands, denied that plaintiff had ever dedicated or maintained public roads on their property, and stated that if there had ever been a public road on the property, that it had been abandoned by at least 5 years' non–use by the public. Count I of the counterclaim also alleged that plaintiff's agents and employees had illegally entered defendants' land and had "mutilated" fields on the land of defendants Koch, Banderet and Cutelli, and had obstructed their access to a private road located on their property. By reason of these alleged illegal acts, each of those defendants asked for $10,000 damages against plaintiff.

Count II of the counterclaim contained a prayer that if the trial court found that a public road did exist across defendants' lands that the court describe the location and width of the road. It also requested that the court declare the rights, liabilities and legal relationships of plaintiff and defendants. Plaintiff filed a reply to the counterclaim that, among other things, denied damaging defendants' lands, and asserted sovereign immunity from liability for the claimed damage. Defendants Sherill and Lynn Boardman then filed an answer to plaintiff's petition in which they stated that they were without knowledge of the facts alleged in plaintiff's petition and, therefore, could not admit or deny same and by affirmative defense stated, "[i]f such road exists, it has been abandoned in accordance with MoRS [sic] 228.190." A reporter's note in the transcript indicates that defendants Riden and Cutelli were granted leave by the court to file their answer to plaintiff's third amended petition out of time, but no such answer appears in the record.

Trial was then held before the court. Twenty–three witnesses were heard, after which the trial court found that "a county road has been established", and permanently enjoined defendants from interfering in any way with the use of the Hyatt's Creek Road by plaintiff and the general public. The judgment gave the legal description of the county road that the trial court had declared to be public, but did not dispose of the issues raised in the counterclaim, and did not enter judgment on the counterclaim. Defendants Riden, Boardman, and Cutelli then appealed.

In order to constitute a final judgment from which an appeal may be taken under the law allowing appeals, § 512.020, RSMo 1969 and Rule 74.01, V.A.M.R., a judgment must dispose of all issues and all parties in the case. The judgment here does not do so, as it does not rule for or against either party on the counterclaim. The judgment is not final and, therefore, not appealable. We have no choice but to dismiss the appeal. *Brown v. Stover*, 596 S.W.2d 498, 499 (Mo.App.1980).

The appeal, having been prematurely filed, is dismissed. The cause is remanded to the trial court with directions to prepare and file a final judgment which disposes of all the issues raised in the petition and the counterclaim. From that final judgment, appeals may be taken, if desired by the aggrieved parties. In such case, the transcript and briefs now on file may be refiled, together with a supplemental transcript containing a final judgment, defendants Riden and Cutelli's answer to plaintiff's third amended petition, and any other relevant documents or supplemental briefs that the parties may desire to file.

All concur.