Ceryse P. POLAND, Appellant,

v.

Bruce A. POLAND, Respondent.

No. WD 48936.

Missouri Court of Appeals,
Western District.

April 4, 1995.

Robert G. Paden, Independence, for appellant.

Charles Edward Weedman, Jr., Harrisonville, for respondent.

Before ULRICH, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

Father, Bruce, owed mother, Ceryse, accumulated child support and maintenance totalling $9,537.45. In a proceeding for collection of the unpaid child support, Bruce put forward a claim against Ceryse for moneys he claimed she owed him. He claimed that he had paid marital debts, owed to Sears in the amount of $2,172.08, which their court-approved "Separation and Property Settlement Agreement" had assigned to Ceryse for payment, and which she had failed to pay. He claimed also that he had paid $2,500 in payments on a mortgage on the family residence which their court-approved property settlement had obligated Ceryse to pay. He claimed further that Ceryse, after the dissolution, during the period she had occupied their marital residence as permitted by the separation agreement, damaged the residence in the amount of $5,300.

The trial court gave Ceryse judgment for $9,537.45, gave Bruce judgment for $9,810.44, and offset the judgments. This gave Ceryse a judgment balance owed of $272.99.

Ceryse has appealed with two points, which we will take in reverse order.

■ Ceryse's second point is that the court erred in awarding to Bruce damages in the amount of $2,000, in that this part of his claim was not supported by the evidence. This amount was for damage to the marital residence during the time Ceryse was permitted to live in it. After the dissolution on October 26, 1992, she was permitted to occupy the house until August 1, 1993. When she vacated the house on August 15, she left it in untenantable condition. Bruce testified to the condition of the house and the measures required to restore the property to tenantable condition.

Ceryse complains specifically of Bruce's testimony that he had worked 50 hours, and his services were worth $15.00 per hour. Ceryse says the value of the work should have been supported by expert testimony, and that Bruce's own estimate of the value of his labor is not admissible and is not suffi-cient to support the award. The value of Bruce's labor in this project, though, which was unskilled and not of a sophisticated kind, was something within the knowledge of the trier of fact. The $15–per–hour value placed on it is not unreasonable. The portion of the damage award which is attributable to Bruce's labor is supported by the evidence. *Beardsley v. Beardsley,* 819 S.W.2d 400, 403 (Mo.App.1991).

■ Ceryse also complains that the court awarded to Bruce $300 for her 15–day hold-over of the marital residence, which was to have been vacated by Ceryse on August 1, but which she continued to occupy till August 15. The rental value of the house was established to be $600 per month. The court, in addition to the $300 for Ceryse's 15–day holdover, awarded Bruce $2,400 for the four months during which the house was untenantable. Ceryse says this represents duplication of damages for the 15–day period. There was evidence, however, that the house was, or would be, untenantable for four months beyond the 15–day holdover period.

The judgment for Bruce against Ceryse in the amount of $9,810.44 is affirmed.

■ Ceryse for her first point says the court erred in offsetting the two judgments. The effect of this, says Ceryse, is to allow Bruce to discharge his child support and maintenance obligation by paying Ceryse's debts, and by repairing and refurbishing the house, including not only his out-of-pocket expense, but also the value of his own labor.

■ Ceryse must be upheld on this point. Often, where there are reciprocal money judgments, the smaller is set off against the larger, so that the judgment creditor in the larger has judgment only for the amount of the difference. The offset of reciprocal judgments, however, is not mandatory. Offset is governed by the rules of equitable procedure. *Helstein v. Schmidt,* 229 Mo.App. 275, 78 S.W.2d 132, 135 (1935). In order for judgments to be qualified for offset, the demands must be "mutual and subsisting between the same parties, and due in the same capacity or right." *Payne v. Payne,* 695 S.W.2d 494, 497 (Mo.App.1985).

The court must assess the "individual qualities" of the judgments. *Id.* at 497.

A judgment for maintenance and child support is a special kind of judgment. It is intended for the limited purposes of maintenance and child support. With respect to the child support judgment, it may further be said the wife receives child support in a kind of fiduciary capacity, with the obligation to expend it for the support of the children. This trust would be defeated if wife's judgment obligations to husband could be applied to reduce the money intended for the support of the children. That child support and maintenance obligations have a special status is recognized by the U.S. Bankruptcy Court which denies dischargeability to such obligations. *See Adams v. Zentz,* 963 F.2d 197 (8th Cir.1992); *Draper v. Draper,* 790 F.2d 52 (8th Cir.1986).

The judgment for child support and maintenance can be discharged only by payment respectively to the custodial parent and the spouse who is the beneficiary of the maintenance judgment. Attempts by the judgment debtor to receive credit by other means have been uniformly rejected. *See Cooper v. Allstate Ins. Co.,* 735 S.W.2d 204, 206 (Mo.App.1987); *Sutton v. Schwartz,* 808 S.W.2d 15, 20 (Mo.App.1991); *Loveland v. Henry,* 700 S.W.2d 846, 851 (Mo.App.1985).

We hold that the judgment against Ceryse in Bruce's favor may not be offset against Ceryse's judgment against Bruce for maintenance and child support. The court's action in doing so is in error, and is reversed.

The cause is remanded to the trial court for the entry of new judgments in accordance with the foregoing opinion.

All Concur.