In re the Marriage of Kelly Francis SMITHSON, Plaintiff–Respondent.

v.

Ron Bruce SMITHSON, Respondent–Appellant.

No. 22443.

Missouri Court of Appeals, Southern District, Division Two.

March 11, 1999.

Keith Brown, Anita D. Conboy, Nevada, for respondent–appellant.

Jeffrey L. Dawson, El Dorado Springs, for plaintiff–respondent.

KERRY L. MONTGOMERY, Judge.

Kelly Francis Smithson (Wife) and Ron Bruce Smithson (Husband) were married on December 26, 1982. They had four children with birth dates ranging from August 21, 1983 to June 24, 1991.

On June 25, 1997, Wife filed her Petition for Dissolution of Marriage. On June 30, 1998, the trial court entered an amended judgment dissolving the marriage, dividing the marital and nonmarital property, awarding Wife custody of the children with reasonable visitation to Husband, and ordering Husband to pay child support of $175 monthly for the four children.

In addition, the amended judgment recited that (1) Husband is awarded judgment against Wife in the amount of $46,727 "in order to equalize the division of marital property," and (2) "this judgment shall not accrue interest at any rate and that all amounts as and for child support ... shall be credited against said judgment on a monthly basis."

Husband appeals asserting trial court error in (1) dividing the marital property, (2) failing to award him interest on the judgment entered against Wife, and (3) offsetting his child support obligation against the judgment for $46,727.

In Point I, Husband asserts, in essence, that the trial court's division of marital property failed to consider the factors set forth in § 452.330.1.[1]

In an action for dissolution of marriage, division of property is left to the sound discretion of the trial court, and its decision should be upheld unless the division is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), or an abuse of discretion is shown. *McKee v. McKee*, 940 S.W.2d 946, 951 (Mo.App.1997). A trial court's division of marital property does not have to be equal, but it must be fair and equitable and take into account the factors enumerated in § 452.330.1. *Id.* "Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *In re Marriage of VAE*, 873 S.W.2d 262, 268 (Mo.App.1994). If reasonable persons can differ about the propriety of

---

1. Statutory references are to RSMo 1994, unless otherwise indicated.

the action taken by the trial court, it cannot be said that the trial court abused its discretion. *Id.* at 269.

■ Section 452.330.1 provides, in pertinent part:

1. In a proceeding for dissolution of the marriage or legal separation ... the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective ...;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

" 'Section 452.330.1 gives the trial court great flexibility and far-reaching power to divide the marital property so as to accommodate the needs of the parties upon dissolution, and there is no formula respecting the weight to be given the relevant factors which a court may consider.' " *Waisblum v. Waisblum,* 968 S.W.2d 753, 756 (Mo.App.1998)(*quoting Crews v. Crews,* 949 S.W.2d 659, 664 (Mo. App.1997)).

The total value of the parties' gross marital assets amounted to $101,285. The parties' major asset, a 135–acre farm containing the marital home, was awarded to Wife. Each party was ordered to pay certain debts. After deducting the debts, the net value of marital property awarded to Husband amounted to $1,036 and Wife received $95,-190 as her net award of marital property. As noted, the trial court intended to make an equal award of marital property by ordering Wife to pay Husband the sum of $46,727. This division of marital property resulted in Husband receiving $350 less than an exact equal split.

In *Hosack v. Hosack,* 973 S.W.2d 863, 868 (Mo.App.1998), the appellate court determined that a marital property split of at least 48.6 percent to husband and 51.4 percent to wife "was substantially equivalent to both parties." Here, Husband's share of the marital property was much closer to 50 percent than to 48.6 percent. Therefore, we determine that the trial court's division of marital property was substantially an equal division.

We conclude the trial court did not err in dividing the marital property. Substantial evidence supports the division as made, and no abuse of discretion is found. Although Wife engaged in some marital misconduct with another man, she was awarded custody of the four children. Awarding her the marital home is consistent with § 452.330.1(5). According to *Waisblum,* there is no formula respecting the weight to be given the relevant factors which a court may consider in § 452.330.1. The record suggests the trial court considered all relevant factors in dividing the marital property, including those in § 452.330.1. Point I lacks merit.

■ In Point II, Husband contends the trial court erred in failing to award him interest on the judgment entered against Wife. We agree.

After entering the $46,727 judgment without interest against Wife, the trial court ordered that "execution on said judgment shall be stayed until such time as all the children are emancipated." Since the youngest child was born in 1991, payment of the judgment could possibly be stayed until 2013, the year in which the youngest child becomes age 22. *See* § 452.340.5. Under these circumstances, Wife would have the free use of Husband's money for fifteen years from the date of the amended judgment.

Husband relies on *In re Marriage of Paul,* 704 S.W.2d 278 (Mo.App.1986), and *W.E.F. v. C.J.F.,* 793 S.W.2d 446 (Mo.App.1990), in support of his contention. In *Paul,* this Court held the trial court erred in awarding no interest on $90,000 payable in monthly installments of $625 spread over twelve years. We reached this result "[i]n view of the period of time that the payments are to be made" and held that nine percent interest

should have been awarded in accordance with § 408.040. 704 S.W.2d at 279.

In *W.E.F.*, the Eastern District of this Court held the trial court erred in awarding no interest on $670,796 payable in monthly installments of $2,794.98 spread over 20 years. Both *W.E.F.* and *Paul* acknowledged that under certain circumstances, a trial court need not award interest. *W.E.F.*, 793 S.W.2d at 453; *Paul*, 704 S.W.2d at 279. However, those circumstances are not present in the instant case. *See, e.g. Beckman v. Beckman*, 545 S.W.2d 300 (Mo.App.1976) (division of partial interest in family farm with 10 years of payments); *Geil v. Geil*, 647 S.W.2d 161 (Mo.App.1983) ($13,230.50 payable over 3 years); and *Corbett v. Corbett*, 728 S.W.2d 550 (Mo.App.1987) ($50,000 payable over 2 years).

Another case on this issue is *Swanson v. Swanson*, 904 S.W.2d 88 (Mo.App.1995). There, the trial court did not award interest on a $118,000 judgment payable in four equal installments within 270 days after the decree. Before upholding the trial court, this Court discussed the views expressed in *Corbett, Geil, Beckman, Paul,* and *W.E.F.* We found the facts in *Swanson* "more akin to *Corbett* and *Geil* than to *Paul* and *W.E.F.*" and denied the claim for interest. 904 S.W.2d at 92.

The instant case is more akin to *Paul* and *W.E.F.* than the other cases mentioned because of longer time periods for payment in the former two cases. The length of time for payment in *Paul* was twelve years, while the payment time in *W.E.F.* stretched to twenty years. Those two cases also involve monthly payments of principal. In this case, the time for payment will possibly extend fifteen years with no monthly principal payments. This factor is an even more compelling reason for the payment of interest. Therefore, in view of the time period before payment is due and the lack of any monthly principal payments, we hold that interest should have been awarded in accordance with § 408.040. Point II is well taken.

■ Husband's last point alleges the trial court erroneously ordered that his child support obligation be offset monthly against the $46,727 judgment Wife owes him. We agree.

In *Poland v. Poland*, 895 S.W.2d 670 (Mo.App.1995), father owed mother accumulated child support and maintenance totaling $9,537.45. In the proceeding to collect the unpaid child support, father asserted a claim against mother for money she owed him. The trial court gave mother a judgment for $9,537.45, gave father a judgment for $9,810.44, and offset the judgments.

Mother appealed alleging the trial court erred in offsetting the judgments because the effect of doing so allowed father to discharge his child support obligation by paying mother's debts, the debts which formed the basis for father's judgment. The appellate court agreed and stated:

> Often, where there are reciprocal money judgments, the smaller is set off against the larger, so that the judgment creditor in the larger has judgment only for the amount of the difference. The offset of reciprocal judgments, however, is not mandatory. Offset is governed by the rules of equitable procedure. *Helstein v. Schmidt*, 229 Mo.App. 275, 78 S.W.2d 132, 135 (1935). In order for judgments to be qualified for offset, the demands must be "mutual and subsisting between the same parties, and due in the same capacity or right." *Payne v. Payne*, 695 S.W.2d 494, 497 (Mo.App.1985). The court must assess the "individual qualities" of the judgments. *Id.* at 497.

> A judgment for maintenance and child support is a special kind of judgment. It is intended for the limited purposes of maintenance and child support. With respect to the child support judgment, it may further be said the wife receives child support in a kind of fiduciary capacity, with the obligation to expend it for the support of the children. This trust would be defeated if wife's judgment obligations to husband could be applied to reduce the money intended for the support of the children. That child support and maintenance obligations have a special status is recognized by the U.S. Bankruptcy Court which denies dischargeability to such obligations. *See Adams v. Zentz*, 963 F.2d 197

(8th Cir.1992); *Draper v. Draper*, 790 F.2d 52 (8th Cir.1986).

*Id.* 895 S.W.2d at 671–72.

*Poland* plainly holds that a child support judgment is a special kind of judgment and can be discharged only by payment to the custodial parent who is the beneficiary of the judgment. *Id.* 895 S.W.2d at 672. Consistent with *Poland*, we hold that the child support judgment against Husband in this case cannot be offset against the judgment Wife owes him. The child support judgment can be discharged only by payment to Wife, the custodial parent. The trial court's effort to offset the judgments must be reversed.

That portion of the judgment offsetting Husband's child support obligation against the $46,727 judgment is reversed. That portion of the judgment which fails to award interest on the judgment Wife owes Husband is also reversed. The remainder of the judgment is affirmed. The cause is remanded to the trial court for entry of a judgment in accordance with this opinion.

SHRUM, P.J., and BARNEY, J., concur.

