**Margo L. ROGERS, Respondent,**

v.

**Richard K. ROGERS, Appellant.**

**No. WD 60438.**

Missouri Court of Appeals,
Western District.

Sept. 17, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 2002.

Elvin S. Douglas, Jr., Harrisonville, MO, for Appellant.

Marilyn M. Shapiro, Kansas City, MO, for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Richard K. Rogers appeals the trial court's judgment, which denied in part, and granted in part, his Motion To Abate and Refund Child Support. We affirm.

## I. Factual And Procedural Background

Richard and Margo Rogers' marriage was dissolved on September 23, 1997. As part of the original decree, the parties were awarded joint legal custody of the parties' minor children, Sara Anne Rogers (born September 25, 1977) and Amy Christine Rogers (born April 4, 1979). Ms. Rogers was designated as the primary physical custodian of the children, and Mr. Rogers was ordered to pay child support in the amount of $555.00 per child, per month ($1,100.00 a month).

In August of 1999, the trial court entered a judgment modifying the child support requirements of Mr. Rogers. This judgment declared Sara Rogers as an emancipated adult under § 452.340.5,[1] and

---

1. Unless otherwise indicated, all statutory citations are to RSMo 2000.

it set the child support for Amy Rogers at $630.00 per month effective May 1, 1999. Beginning in September 1999, the disbursement of these payments was to be paid in the following fashion: $420.00 to Ms. Rogers and $210.00 directly to Amy Rogers.

Mr. Rogers paid child support on a regular basis until May 2000, when his employment terminated. After Ms. Rogers filed a contempt action for his failure to make these payments, Mr. Rogers paid the child support in arrears, which totaled $1,680.00.

On January 30, 2001, Mr. Rogers filed the instant action, seeking to abate his child support obligations in their entirety. In addition, Mr. Rogers sought a reimbursement of child support payments that he had already made because he contended that both of the children failed to comply with the child support eligibility requirements of § 452.340.5 by failing to provide him with regular transcripts of their progress in school. Also, on two occasions, Amy failed to take twelve credits per semester as required by § 452.340.5. Accordingly, Mr. Rogers argued that this abatement and reimbursement was mandated by law.

This matter went to trial on August 16, 2001, in the circuit court of Cass County. At trial, both Mr. and Ms. Rogers testified, as well as their daughter, Amy Rogers.

The trial court ruled that, as of August 2000, Amy Rogers was ineligible to receive child support payments after September 1, 2000, "for failure to comply with the provisions of Chapter 452, with respect to furnishing schedule and transcripts." Moreover, it reaffirmed the circuit court's prior ruling, based on agreement by the parties,

that Sara Rogers was emancipated on May 1, 1999.[2] Because it was found by the trial court that Mr. Rogers was "current" on his child support obligations, it was held that he was not required to make any further child support payments.

However, the trial court denied Mr. Rogers' other requested relief, to reimburse previously made child support payments. In issuing this ruling, the trial court found that Mr. Rogers' evidence at trial went unrefuted demonstrating that he "was not furnished transcripts, grades of courses earned, or other information concerning the progress of the two daughters in college." Notwithstanding this fact, the trial court denied his request for any reimbursement of child support payments, reasoning that it "finds it to be inequitable to revert back for the length of time [Mr. Rogers] requests."

Mr. Rogers brings two points on appeal, Point One dealing with Amy Rogers and Point Two dealing with Sara Rogers. Because similar arguments are raised in both points, they will be treated as one for ease of analysis. In making his argument on appeal, it is Mr. Rogers' contention that the trial court erred in refusing his requested relief of ordering Ms. Rogers to refund child support payments previously made by him because the children failed to follow the provisions of § 452.340.5 that require a college student to satisfy reporting requirements to be eligible to receive child support payments. Absent such compliance with the statute, it is Mr. Rogers' contention that a college student becomes "statutorily disqualified" and, therefore, is ineligible for child support payments. In this case, it is argued

---

2. In actuality, the trial court contradicted its earlier ruling, entered on September 20, 1999, that Sara Rogers became emancipated May 1, 1999, by stating in this judgment that she was emancipated in August 1999. However, this discrepancy has little, if any, impact on this court's analysis today.

that his children failed to follow these provisions by failing to provide college transcripts to him, and also because Amy Rogers failed to take at least twelve hours of college credit on two occasions. Accordingly, as a matter of law, Mr. Rogers argues that such unauthorized child support payments must be refunded to him.

## II. STANDARD OF REVIEW

The parties on appeal agree that the governing standard of review is the one set out by the Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that standard, the trial court's judgment will be affirmed by this court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares the law or applies the law. *Id.*

## III. LEGAL ANALYSIS

█ It is Mr. Rogers' argument on appeal that his daughters, Amy and Sara, violated the mandatory provisions of receiving child support as it pertains to the eligibility of children who are college students (§ 452.340.5), and, therefore, these child support payments previously made by Mr. Rogers must be refunded as a matter of law. Section 452.340.5 states, in pertinent part, that:

If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until

the child reaches the age of twenty-two, which ever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.

The trial court, in its judgment in this matter, made the factual finding that both Sara and Amy Rogers did not comply with § 452.340.5 because they failed to supply their father with their college transcripts. Therefore, the central question is whether the trial court erred in holding that, although these terms of the statute were violated by his children, Mr. Rogers has no legal right to be reimbursed for these child support funds already dispersed by him.

█ The child support statutory scheme in Missouri does provide for returning of monies to a parent who has made payments to an "emancipated" child under § 452.370.4. This provision of the statute provides as follows:

Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child. The parent entitled to receive child support shall have the duty to notify the parent obligated to pay support of the child's emancipation and failing to do so, the parent entitled to receive child support shall be liable to the parent obligated to pay support for child support paid following emancipation of a minor child.

Accordingly, this case turns on whether the children's undisputed non-compliance with § 452.340.5 rises to the level of legally "emancipating" them under § 452.370.4. If so, a reimbursement is required by law. *In re Marriage of Hammerschmidt*, 48 S.W.3d 614, 619 (Mo.App. E.D.2001).

In arguing that child support funds already paid by him must be reimbursed as a matter of law, Mr. Rogers brings two, somewhat distinct, legal theories. Mr. Rogers argues that in fact "both girls became emancipated on September 23, 1997," and, therefore, he is eligible for reimbursement under § 452.370.4. Furthermore, Mr. Rogers contends that his children's failure "to supply respondent with transcripts ... [as] required by Section 452.340.5 RSMo statutorily disqualifies [his children] from parental support from the appellant." As Mr. Rogers points out, "for the child to *continue* receiving child support, the statute requires the child to provide each parent with a [college] transcript." *Morton v. Myers*, 21 S.W.3d 99, 106 (Mo.App. W.D. 2000) (emphasis added) (quoting *In re Marriage of Kohring*, 999 S.W.2d 228, 233 (Mo. banc 1999)); *see also Lyons v. Sloop*, 40 S.W.3d 1, 7 (Mo.App. W.D.2001).

■■■ But in this case, we are dealing with the unique situation where a parent *has already made the child support payments in question*, and instead of petitioning to a court to be relieved of a debt or future payment (as was done in each of the aforementioned cases),[3] Mr. Phillips sought the unique relief of having payments, already disbursed by him, reimbursed. Section 452.340.5 does not contain a reimbursement provision for child sup-

port funds; one must turn to § 452.370.4 for this type of relief. Accordingly, because the circuit court has already terminated any past or future child support obligations of Mr. Rogers under § 452.340.5, the sole issue presented for review today is whether such reporting non-compliance by his children allows for a reimbursement under § 452.370.4. To resolve that issue, we must determine, as previously stated, whether this reporting non-compliance of the children legally "emancipated" them under § 452.370.4. *See generally Hammerschmidt*, 48 S.W.3d at 618.

In *In re Marriage of Hammerschmidt*, father filed for reimbursement of child support from ex-wife under § 452.370.4. *Id.* at 616. In granting the motion, it was held by the Eastern District that, "as a matter of law [the child] was emancipated ... having previously reached the age of eighteen, he stopped attending and progressing toward the completion of a secondary education program by withdrawing from school." *Id.* at 618. Accordingly, the court found that the mother had "the responsibility to repay to the noncustodial parent all child support paid after the actual date of emancipation." *Id.* at 619.

But *Hammerschmidt* is distinct from today's case. In *Hammerschmidt*, it was clear, as a matter of law, that the child in question was "emancipated" through the child's failure to successfully earn class credits while attending school, coupled with his subsequent withdrawal from school. *Id.* at 618. In our case, the same cannot be said for the Rogers children.

**3.** *Morton*, 21 S.W.3d at 104 (father asserting "that the trial court erred in ordering him to pay for [child's] support during college despite failure to provide him with necessary proof of her attendance"); *Lyons*, 40 S.W.3d at 8 (holding that "in order to find that Father had a continuing obligation to pay child sup-

port and that he was in arrears on those payments, the trial court needed to make a finding that the provisions of § 452.340.5 had been satisfied"); *Kohring*, 999 S.W.2d at 234 (finding that "father is not relieved of future payments for daughter's educational expenses").

The trial court concluded, and the record on appeal so reflects, that both attended secondary school in the fashion required by § 452.340.5.[4] Accordingly, the distinction between the child's conduct in *Hammerschmidt* and our case is stark. Failing to attend school and receive class credit is distinct and different from failing to give a parent transcripts of the child's educational progress. Simply put, it is this court's opinion that the latter, by itself, does not "emancipate" a child under § 452.370.4. *Cf. Kohring*, 999 S.W.2d at 234 (holding that "[d]espite daughter's failure to comply with the statute [by failing to provide father with school transcript], father is not relieved of future payments for daughter's educational expenses").[5] Because the children were not "emancipated" during the time in question, Mr. Rogers cannot, as a matter of law, be eligible for a reimbursement under § 452.370.4.

▪ We appreciate that the legislature provided this reporting requirement in the statute so that the non-custodial parent can insure that their children are using these child support payments to actually obtain a college education. However, as previously stated, it is also the duty of the custodial parent under § 452.370.4 to insure that the non-custodial parent is given notice when the child is "emancipated" by the child's failure to meet the minimum requirements of attending college under the statute. *Hammerschmidt*, 48 S.W.3d at 618–19. Accordingly, a parent who has not been provided with the requisite transcripts, and who later learns that his children have failed to use these funds for college, has a legal recourse for reimbursement under § 452.370.4. Finally, we encourage parents obligated to pay child support to insure (by diligently asking their children, and, if necessary, petitioning the appropriate court of law) that their children provide them with college transcripts as required by the statute. It is only through this process that parents can insure that their child support payments have been appropriately used for educational purposes in the past, and determine "whether the non-custodial parent is still required to support his or her child through college." *Lyons*, 40 S.W.3d at 7.

In this case, though, because the Rogers children were not "emancipated" during the time period in question (having attended college as required under § 452.340.5), Mr. Rogers is not eligible for a reimbursement under § 452.370.4.

## IV. CONCLUSION

Based on our review of the record, we cannot conclude that the trial court erred.

4. Although there was some evidence presented before the circuit court that their youngest child, Amy Rogers, received only eleven hours of graded credit during two semesters, the proffered explanation for this discrepancy (that she audited advanced calculus classes, and, therefore, received non-graded credit) was found to be credible by the trial court. After reviewing the record we cannot conclude that this finding was erroneous, that Amy Rogers received at least twelve credits during each semester she attended college, and, therefore, was in compliance with § 452.340.5's requirement to "complete[] at least twelve hours of credit each semester." *Id.; see Lombardo v. Lombardo*, 35 S.W.3d 386, 389 (Mo.App. W.D.2000) (holding that "[i]n order to 'finish' the required twelve-hour minimum, the student must receive *credit* for twelve hours").

5. Were failure to comply with the reporting requirements of the statute sufficient to "emancipate" a child under 452.370.4, the Supreme Court of Missouri would not have held in *Kohring* that such reporting non-compliance does not prevent a child from receiving future child support payments, therefore leaving such children under the potential future care of their parents. *Id.*

Accordingly, the trial court's judgment is affirmed.

HAROLD L. LOWENSTEIN, P.J. and JAMES M. SMART, JR., J., concur.