**Teresa Gail Westrich JANSEN, Petitioner–Respondent,**

v.

**Clarence Theodore WESTRICH, Respondent–Appellant.**

No. 24892.

Missouri Court of Appeals, Southern District, Division One.

Feb. 4, 2003.

**216**

Francis J. Siebert, Siebert & Horman, Scott City, for Appellant.

Donald Rhodes, Bloomfield, for Respondent.

PHILLIP R. GARRISON, Judge.

Clarence Theodore Westrich ("Father") appeals the judgment of the trial court denying his motion for abatement of child support.

To simplify discussion of the matters involved, the following timeline provides relevant dates and events as outlined by the record and the parties' testimony.

February 14, 1980—Aaron Leigh Westrich ("Aaron") was born to Father and Teresa Gail Westrich Jansen ("Mother").

March 2, 1981—The marriage of Father and Mother was dissolved. Mother was awarded custody of Aaron, and Father was ordered to pay $195 per month child support to Mother.

February 14, 1998—Aaron turned eighteen.

May 1998—Aaron graduated from high school.

August 1998—Aaron entered school at Murray State University ("the university").

Fall 2000—Father received a transcript from the university.

August 3, 2001—An administrative order was entered by the Missouri Division of Child Support Enforcement ("DCSE") modifying Father's child support obligation to $519 per month to take effect retroactively from February 2001.

August 27, 2001—Father filed a petition to stay the effect of the administrative order.

August 31, 2001—Father filed a motion for abatement of child support in which he sought an abatement of his child support obligation through Aaron's twenty-second birthday and a refund of child support paid for periods since Aaron's high school graduation for which he was not furnished documentation from the college Aaron was attending as required by Section 452.340(5).[1]

---

1. Statutory references are to RSMo (2000). Section 452.340(5) states, in pertinent part: If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades suffi- cient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has

October 2, 2001—The trial court approved the administrative order increasing Father's child support obligation.

November 2001—Father received a transcript from the university.

February 14, 2002—Aaron turned twenty-two. Father's child support obligation ended.

March 5, 2002—A hearing was held on Father's motion for abatement of child support and petition to stay the effect of the administrative order. The relevant portions of Father's and Aaron's testimony are summarized below.

Father testified that he had paid $195 per month child support as ordered and was current in paying that amount through Aaron's twenty-second birthday. Father also testified that Aaron told him he was attending the university, but that he did not receive any grades, transcripts, or official documents from the university from the fall of 1998 through the spring of 2000. As noted in the timeline provided above, Father did acknowledge receiving a transcript from the university in the fall of 2000 and again in November 2001. He admitted that, as a result, he was obligated to pay the court ordered child support for the months of August 2000 through December 2000, and November 2001 through January 2002, although he made no mention of whether he felt that obligation included the increased level of child support.

Father also testified that the only written communication he received from Aaron regarding his education was a handwritten list of classes taken, the credit hours completed, and the grades received, for one semester. Father introduced into evidence a letter, signed by Aaron, stating that Aaron did not provide Father with the

proper documentation for the first four semesters he was enrolled at the university. On cross-examination, Father admitted he had written the letter and Aaron had signed it.

Aaron testified that he graduated from high school in May 1998 and enrolled in the university that fall. He also stated that he gave Father the official grades he received from the university every semester by either mailing them or delivering them in person. Aaron admitted that he provided the handwritten list of classes and grades on the occasion testified to by Father, but that he did so because Father lost the original document he had received or forgot the grades. With reference to the letter he signed that was written by Father, Aaron said that he had not thoroughly read it, but believed it said that if he lived with Father and agreed to a change of custody, Father would be willing to pay his college tuition.

The trial court entered its judgment on March 12, 2002, denying the motion for abatement of child support and affirming the increase in child support. In denying Father's motion for abatement of child support, the trial court found that Father was actually seeking a refund rather than an abatement and that he was not entitled to a refund because he had received Aaron's grades every semester. Father appeals only the denial of the motion for abatement of child support.

■ On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares the law or applies the

completed for each term, the grades and credits received for each such course, and an official document from the institution

listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.

law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[2]

Father's first point on appeal asserts that "[t]he trial court erred in finding that [Aaron's] testimony was credible and [ ] Father [sic] was not because the testimony with regard to the merits of the case are reconcilable."

■ Father's first point fails to comply with Rule 84.04(d),[3] which provides that a point relied on in an appellant's brief shall "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The requirements set forth in Rule 84.04(d) are mandatory, and a point relied on that violates the rule preserves nothing for review. *Simmons v. Lawrence County Jail,* 948 S.W.2d 242, 244 (Mo.App. S.D.1997). Father also fails to cite any relevant authority in the argument portion of his brief to support his claim of error. The failure to develop a point relied on in the argument portion of a brief renders that point abandoned. *Reese v. Reese,* 885 S.W.2d 39, 41 (Mo.App. S.D.1994). If this court attempted to address Father's point as presented, we would be forced to act as an advocate for Father, which we cannot do. *Myrick v. Eastern Broadcasting, Inc.,* 970 S.W.2d 885, 886 (Mo.App. S.D.1998). Therefore, we do not consider Father's first point on appeal.

Father's second point alleges that the trial court erred in finding, based solely on his receipt of Aaron's grades every semester, that he was not entitled to an "abate-ment" because Section 452.340(5) requires that the child, in order to remain eligible for parental support, submit an official document from the institution listing, not only the grades, but also the courses the child is enrolled in for the upcoming term and the number of credits for each course.

■ When a child turns eighteen, a parent's child support obligation normally ends. Section 452.340(3)(5). However, Section 452.340(5) extends the obligation to the age of twenty-two for children seeking higher education. To remain eligible for child support under this statute, the child must give each parent "a transcript provided by the institution that show[s]: (1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; *and* a transcript from the institution listing for the upcoming semester: (1) the courses enrolled in and (2) the number of credits for each course." *Morton v. Myers,* 21 S.W.3d 99, 106–07 (Mo. App. W.D.2000). Failure to provide the proper documentation each term does not emancipate the child, but does relieve the parent's obligation to pay child support for that term. *In re Marriage of Kohring,* 999 S.W.2d 228, 234 (Mo. banc 1999); *Rogers v. Rogers,* 87 S.W.3d 368, 373 (Mo.App. W.D.2002).

■ The evidence is uncontradicted that Aaron did not provide Father with the appropriate documentation every semester he was in college. So far as Aaron's compliance with the requirements of Section 452.340(5) is concerned, the trial court misstated the law, and the receipt of grades

---

**2.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2002).

**3.** Rule references are to Missouri Rules of Civil Procedure (2002).

alone is not sufficient to obligate a parent to pay child support. *Kohring* at 234.

However, Father alleges here that, because of Aaron's failure to comply with Section 452.340(5), the trial court erred in denying his request for an "abatement" of the difference between the amount of child support ordered as of August 2001 and the amount of child support paid.

■ A review of the record reveals that Father's motion for abatement of child support lacks any reference to the difference between the amount of child support ordered and the amount of child support paid. Rather, the motion requested "that [the trial court] enter its order *abating the child support paid to the natural mother* for the minor child since August of 1998 until the child's twenty-second (22nd) birthday . . . ." (emphasis added).

In addition, Father testified at the hearing that he was seeking an "abatement" of $7,020 for those time periods during which he was not obligated to pay child support because he did not receive the proper documentation. However, that total reflects only the child support monies he paid for those time periods. At no time during the hearing did Father indicate he was seeking an abatement of the difference between the amount of child support ordered and the amount of child support paid. The entirety of his testimony was directed to an "abatement" of the child support monies he had already paid. The only time Father testified about the difference between the amount of child support ordered and the amount of child support paid, he stated he was willing to deduct any arrearages from the $7,020 abatement of child support monies already paid that he was seeking.

In the trial court's judgment, it stated: [T]he [trial court] further finds that [Father's] Motion for Abatement of Child Support should be denied because he is requesting a refund. An abatement can not [sic] be granted for something that has been paid. Webster's Dictionary defines abatement as, "end; termination", therefore, "what [Father] is actually requesting is a refund. . . ."

Here, Father does not contest the trial court's interpretation of the issue he presented to it, and has failed to present any reasons why the trial court's finding that he was seeking a refund is erroneous, or any factors indicating that his motion for abatement of child support was, in fact, seeking an abatement of the difference between the amount of child support ordered and the amount of child support paid.

This court is unable to conclude that Father was requesting the trial court to abate the difference between the amount of child support ordered and the amount of child support paid, which is the remedy he relies on in making this point. Because such a request was not presented to it, the trial court did not err by refusing to grant such an abatement. Therefore, this court will not convict the trial court of an error it did not commit. *Care and Treatment of Burgess v. State*, 72 S.W.3d 180, 187 (Mo. App. S.D.2002). Father's second point is denied.

■ In Father's third point, he contends that the trial court erred in finding that Father was not entitled to a refund because Aaron was not eligible for child support monies paid during the terms he did not fulfill the requirements of Section 452.340(5).

A recent decision of the western district of this court addressed the issue of refunding child support monies already paid based on the child's failure to comply with the provisions of Section 452.340(5). *Rogers* at 368. The court in *Rogers* concluded

that, under Section 452.340(5), the child support monies already paid by the father could not be refunded unless the child was emancipated. *Id.* at 372. As indicated earlier, *Rogers* also held that failure to furnish the documents required by Section 452.340(5) does not result in emancipation. *Id.* at 373.

Father argues that the court in *Rogers* incorrectly interpreted Section 452.340(5) and that the court's interpretation directly conflicts with the clear language of the statute. Section 452.340(5) contains no provision for a refund of child support monies already paid. Such a provision is, however, included in Missouri's child support statutory scheme under Section 452.370(4), which provides as follows:

> Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child. The parent entitled to receive child support shall have the duty to notify the parent obligated to pay support of the child's emancipation and failing to do so, the parent entitled to receive child support shall be liable to the parent obligated to pay support for child support paid following emancipation of a minor child, plus interest.

The court in *Rogers* concluded that Section 452.370(4) was the only way child support monies already paid could be refunded, and Father has cited no authority to the contrary. In fact, the cases Father cites for the proposition that child support monies already paid may be refunded were both decided under Section 452.370(4). *See Smith v. Smith,* 17 S.W.3d 592, 598 (Mo.App. W.D.2000); *Wyrick v. Coles,* 834 S.W.2d 910, 913 (Mo.App. W.D.1992). Because Aaron was not emancipated, Section 452.370(4) did not apply to require a refund.

The interpretation in *Rogers* is also consistent with the line of cases holding that a parent who voluntarily exceeds decreed child support payments may not claim a credit against future payments. *See Holdener v. Fieser,* 971 S.W.2d 946, 952 (Mo. App. E.D.1998); *Anderson v. Aronberg,* 927 S.W.2d 931, 935 (Mo.App. E.D.1996); *Finley v. Morrow,* 697 S.W.2d 543, 544 (Mo.App. S.D.1985). Father's payment of child support during those terms Aaron did not fulfill the requirements of Section 452.340(5) is, in essence, a voluntary overpayment of child support. If Father is not entitled to a credit against future child support payments, we see no reason why he is entitled to a refund of the child support monies already paid.

We find nothing in the clear language of Section 452.340(5) that requires a refund of child support monies already paid. Were we to reach such a conclusion, we would be adding a provision to the statute that does not appear therein either explicitly or by implication, which we are unable to do. *Pollock v. Wetterau Food Distribution Group,* 11 S.W.3d 754, 767 (Mo.App. E.D.1999). Father's third point is denied.

▮ Father's fourth and final point alleges that "[t]he [trial] court erred in its finding that the Father's Motion for Abatement of Child Support should be denied because he is requesting a refund and the court erred in finding it did not have jurisdiction to refund child support." Like Father's first point, his final point fails to comply with Rule 84.04(d) and fails to include legal authority to support his claim. For the same reasons stated above, we do not consider Father's fourth point.

The judgment of the trial court is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.