John Lester RICKLEFS, Appellant,

v.

Nancy Carol RICKLEFS, Respondent.

No. WD 61598.

Missouri Court of Appeals,
Western District.

Aug. 5, 2003.

Gwen A. Edwards, Kansas City, for appellant.

Nancy Carol Ricklefs, Kansas City, pro se.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, P.J.

John Ricklefs appeals the judgment of the trial court modifying the January 5, 1994, judgment that dissolved his marriage to Nancy Ricklefs and compelled him to pay child support in the amount of $750 per month for two of his children. He claims that the trial court erred by not eliminating his obligation to pay child support for his daughter from January 1, 1996, to June 16, 1998, and for his son from January 1, 2000, to the time of trial in April 2002 through a credit of $25,680 to his child support arrearage because the children attended post secondary educational institutions after they attained eighteen years of age but failed to provide him with documentation of their successful attendance as required by section 452.340.5.[1] Mr. Ricklefs also claims that the trial court erred in not eliminating his obligation to pay child support for his daughter from June 16, 1998, the day she turned twenty-two years old, through a credit of $4,158 to his child support arrearage. The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded to the trial court with directions.

Mr. Ricklefs filed a motion to modify the January 5, 1994, judgment that dissolved his marriage and required him to pay child support for his then two minor children, Darcie and Justin, born of the marriage. A third child was emancipated at the time of the dissolution. Mr. Ricklefs is in arrearage for child support and sought a credit for child support sums representing amounts due after the two children became eighteen years old and until they turned twenty-two years old and for child support sums representing amounts due after Darcie turned twenty-two years old. Following a hearing on Mr. Ricklefs' motion, the trial court found that Darcie was born June 16, 1976, was emancipated as of June 1998, and that no additional child support be paid for her. The court also found that Justin was born October 19, 1980, and, among the court directives, it ordered that Mr. Ricklefs pay the sum of five-hundred dollars a month, retroactive to March 2001, as child support for the benefit of his son. The trial court did not credit Mr. Ricklefs' child support arrearage. This appeal followed.

■ The standard of review for a modification of a dissolution decree is the same as in any other court-tried case. *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 397 (Mo. banc 2001). The judgment of the trial court will be affirmed on appeal "unless there is no substantial evidence to support it, or unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 397 (quoting *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

On appeal, Mr. Ricklefs claims that the trial court erred in not eliminating his child support obligation for his daughter from January 1, 1996, to June 16, 1998, and for his son from January 1, 2000, to the time of trial on April 17, 2002, because his children did not provide him the information required by section 452.340.5 to be entitled to support while attending a post

---

**1.** All statutory references are to RSMo 2000 unless otherwise indicated.

secondary educational institution. Mr. Ricklefs also claims that the trial court erred in not eliminating his obligation to pay child support for his daughter from June 16, 1998, the day she turned 22 years old. He argues that the trial court misapplied the law by failing to grant him credit toward the arrearage that he owes for past unpaid child support in an amount representing the child support sum due for those periods of time.

■■■■ Generally, child support payments may be terminated when the child on whose behalf they are paid reaches the age of eighteen. § 452.340.3; *Lyons v. Sloop*, 40. S.W.3d 1, 6 (Mo.App. W.D.2001). However, when the child enrolls in an institution of vocational or higher education by the October following graduation from secondary school and if certain requirements are met, the child is eligible for a continuation of benefits. § 452.340.5; *Morton v. Myers*, 21 S.W.3d 99, 105 (Mo. App. W.D.2000). Section 452.340.5 states, in pertinent part, that:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, which ever first occurs. *To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.* (emphasis added)

This statute contemplates proof of eligibility for parental support on a term-by-term or semester-by-semester basis. *In re Marriage of Kohring*, 999 S.W.2d 228, 233 (Mo. banc 1999). Eligibility for support during the first semester of college may be established simply by proof of enrollment. *Id.* To remain eligible for continued child support after the first semester, the child must comply with the specified reporting requirements. *Id.* Specifically, the statute requires the child to provide each parent with a transcript provided by the institution showing: (1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; and (4) a transcript from the institution listing for the upcoming semester: (a) the courses enrolled in and (b) the number of credits for each course. *Morton*, 21 S.W.3d at 106–07. A child's failure to comply with the statutory requirements in a semester relieves the parent of his obligation to provide child support during that semester. *Kohring*, 999 S.W.2d at 234; *Lyons*, 40 S.W.3d at 8. A child's failure to comply in one semester does not, however, relieve the parent of the responsibility for future payments if the statutory requirements are then met. *Id.*

■■■■ At trial in this case, much evidence was introduced that Mr. Ricklefs had actual notice that his children were attending college. The family court commissioner noted in a letter post trial to the parties that the case of *Weaver v. Kelling*, 53

S.W.3d 610 (Mo.App. W.D.2001), deals with the notice requirements of section 452.377 regarding the relocation of the residence of a minor child. Section 452.377.2 requires a party to give notice of a proposed relocation of the residence of a child in writing by certified mail within a certain time period. *Id.* at 616. The facts in *Weaver* showed that the required written notice was not given, but the father did receive actual notice of the proposed relocation of the children and challenged the proposed relocation. *Id.* at 616–17. In finding that the father could not complain of the technical noncompliance with the statute, this court cited the general rule that one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice. *Id.* at 616 (citing *Crawford v. Crawford*, 986 S.W.2d 525, 528 (Mo.App. W.D.1999); *Gateway Frontier Properties, Inc. v. Selner, Glaser, Komen, Berger & Galganski, P.C.*, 974 S.W.2d 566, 571 (Mo.App. E.D. 1998); *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App. W.D.1984)).

■ The statutory notice rule in *Weaver* is not, however, controlling in this case. The purpose of the notice requirement in section 452.377.2 is to give a party entitled to custody or visitation of a child the opportunity to challenge the relocation of the child. *Id.* On the contrary, the reporting requirements of section 452.340.5 contemplate proof of eligibility for continued parental support after a child's eighteenth birthday. *Kohring*, 999 S.W.2d at 233. A parent's obligation to continue to provide support to a child over the age of eighteen derives from section 452.340.5. *Lyons*, 40 S.W.3d at 8. Failure of a child to comply with the statute relieves the parent of his obligation to pay child support that semester. *Kohring*, 999 S.W.2d at 234; *Lyons*, 40 S.W.3d at 8.

■ In this case, compliance with section 452.340.5 is determinative of whether Mr. Ricklefs had a continuing obligation to pay child support to his children after their eighteenth birthdays and that he was in arrears on those payments. *See Lyons*, 40 S.W.3d at 8 (in a proceeding on a motion for civil contempt, compliance with section 452.340.5 was necessary to find that the parent had a continuing obligation to pay child support subsequent to his children's eighteenth birthdays and that he was in arrears on those payments). To remain eligible for parental support after their first semesters of college, Darcie and Justin were required to provide Mr. Ricklefs with transcripts showing their successful attendance at college. The uncontradicted evidence showed, however, that the children failed to provide Mr. Ricklefs with transcripts showing courses completed, grades and credits received, and courses enrolled in and the number of credits for the next term during the time periods at issue as required by section 452.340.5. The children were, therefore, not entitled to continued parental support during the time periods at issue. Specifically, Darcie failed to demonstrate eligibility for support from January 1, 1996, to June 16, 1998, and Justin failed to demonstrate eligibility for support from January 1, 2000, through April 2002. Accordingly, Mr. Ricklefs was relieved of his obligation to provide child support for them during those periods. Additionally, Darcie turned twenty-two years old on June 16, 1998. Under section 452.340.3(6), Mr. Ricklefs' obligation to make child support payments terminated, at the latest, on that date.

■ Mr. Ricklefs is not, however, entitled to a credit towards the arrearage that he owes for all past unpaid child support for Darcie because the original decree ordered monthly child support for both children as a lump sum. "When a court awards child support for more than one child as a 'lump sum,' the obligor owes that amount until all the children are emancipated and cannot reduce the

amount owed pro rata as the children reach majority without the prior approval of the court." *Ogden v. Henry,* 872 S.W.2d 608, 611 (Mo.App. W.D.1994). *See also Lyons,* 40 S.W.3d at 8 (where rationale expressed in dicta applies in this case). Mr. Ricklefs argues that the lump sum rule is no longer applicable because Form 14 directions now allow for entry of incremental child support orders that state what the child support amount will be if the obligation to one of the subject children is abated or terminated. While Form 14 Directions for Line 12, Comment B does allow for the incremental child support awards, it is not mandatory. Instead, Comment B provides, "[T]he order may be in a gross amount or, where appropriate, may be ordered incrementally." Furthermore, the Form 14 Directions did not provide for such an award in 1994 when the original decree in this case was entered, and a lump sum child support amount of $750 was ordered. The lump sum rule applies in this case.

Mr. Ricklefs did not file a motion for reduction of his child support upon Darcie's failure to comply with the statutory reporting requirements of section 452.340.5 or upon her emancipation on her twenty-second birthday. His obligation to continue paying the full amount of child support rests on whether Justin was entitled to support after January 1, 1996. *See e.g. Lyons,* 40 S.W.3d at 8. The evidence at trial showed that Justin, born October 19, 1980, turned eighteen years old October 19, 1998. He did not graduate from high school until June 1999. Justin then enrolled in college in the fall of 1999. Under section 452.340.5, Justin was entitled to support through his first semester in college until January 1, 2000.[2] Thus, Mr. Ricklefs continued to owe the full amount of child support under the lump sum rule until January 1, 2000, and was not entitled to a credit towards the arrearage that he owes for child support incurred before that date.

Mr. Ricklefs was, however, entitled to a credit against his arrearage for child support incurred after January 1, 2000. As discussed above, the evidence showed that Justin failed to provide Mr. Ricklefs with transcripts required by section 452.340.5 from January 1, 2000, until the time of trial in April 2002. Justin was, therefore, not entitled to parental support during that time. Because both children were ineligible for child support from January 1, 2000, through April 2002, the trial court erred in failing to credit Mr. Ricklefs' arrearage for child support sums incurred during that time.[3] Thus, the judgment of the trial court is affirmed in part and reversed in part. The case is remanded to the trial court for recalculation of Mr. Ricklefs' arrearage and entry of judgment consistent with this opinion.

SMART, J. and NEWTON, J. concur.

---

**2.** Mr. Ricklefs does not dispute Justin's entitlement to child support during his first semester in college.

**3.** *Compare Jansen v. Westrich,* 95 S.W.3d 214 (Mo.App. S.D.2003) and *Rogers v. Rogers,* 87 S.W.3d 368 (Mo.App.2002)(where parents seeking refunds of child support already paid based on children's failure to comply with section 452.340.5 were not entitled to such refunds because (1) section 452.340.5 does not provide for refunds for noncompliance with the reporting requirements, (2) noncompliance with reporting requirements does not result in emancipation, thus, section 452.370.4 did not apply to require a refund, and (3) parents' payment of child support during time when children did not comply with reporting requirements was, in essence, voluntary overpayment of child support and not refundable).