**John H. COLBORNE, Respondent,**

v.

**Corinne J. COLBORNE (Now Drummond), Appellant.**

**No. WD 71764.**

Missouri Court of Appeals, Western District.

March 22, 2011.

Rehearing Denied May 3, 2011.

---

Nancy A. Garris, Blue Springs, MO, for Appellant.

Gary E. Brotherton, Columbia, MO, for Respondent.

Before: MARK D. PFEIFFER, P.J., THOMAS H. NEWTON, and ALOK AHUJA, JJ.

THOMAS H. NEWTON, Judge.

Ms. Corinne Drummond (hereinafter "Mother") appeals the trial court's judgment modifying child support in favor of Mr. John Colborne (hereinafter "Father"). Father filed a motion to modify child support, which the trial court granted. It found Father's child support obligations had abated, ordered Mother to pay child support to Father for the son and to repay Father for child support paid during the abatement period, and modified Mother's and Father's obligation to pay for the children's college expenses. We affirm in part, reverse in part, and remand.

## Factual and Procedural Background

The parties dissolved their marriage in 1996. The dissolution decree awarded Mother sole custody of their two minor children subject to Father's reasonable visitation. Father was ordered to pay $530 per month to Mother to support the children for the first year and $470 thereafter. The parties were also ordered to perform the terms of their marital settlement agreement, which included their promise to each pay half of the children's college expenses, subject to certain conditions. In August 2007, their daughter enrolled at Rockhurst University. Mother paid her and Father's share for all college expenses and unsuccessfully sought reimbursement from Father. In 2008, Mother brought a motion for contempt against Father for failing to pay his share.[1]

Father filed a motion to modify child custody and support in which he also asked the court to modify the obligation to pay for the children's college expenses. He claimed that the terms of the dissolution decree had become unreasonable because several substantial and continuing events had occurred since the decree. Mother filed an amended contempt action and included a request for a declaratory judgment, asking the court to declare Father owed Mother for expenses paid. She

1. Mother's motion for contempt also alleged that Father failed to pay his share of uninsured medical expenses, which was also an obligation under the decree. This issue was not raised on appeal.

also filed an answer to Father's motion to modify and filed her own motion to modify.

After hearings on July 22, 2008, and April 9, 2009, the court found the children's circumstances had "continuously and substantially changed" since the dissolution decree. It found as to custody that the daughter should remain in Mother's sole legal and physical custody and that the son should be placed in the sole legal and physical custody of Father, subject to Mother's reasonable visitation. It found as to child support that Father was not obligated to pay for the daughter as of August 1, 2007, because the daughter "failed to comply with the notification requirements [to continue receiving child support after eighteen;] ... her parents were [not] given official transcripts from [her college] showing courses enrolled in and grades and credits earned." It also found Father's obligation to pay for the son had abated on the same date because the son had continued to live with Father after his July visit in 2007. It then ordered Mother to refund Father $9,870 for his payments from August 1, 2007, to April 9, 2009, and to pay Father $511 per month in child support for the son. Because the trial court commenced Mother's obligation to pay child support on July 16, 2008, it found Mother had an arrearage of $7,154 and ordered her to pay $711 per month until her payments were current.

The court found as to college expenses that neither Mother nor Father was obligated to pay college expenses for the 2007–2008 and 2008–2009 school years because the daughter "declined to attend school for free at [a two-year institution]." It then ordered Mother to pay for the daughter's college expenses for the 2009–2010 school year and thereafter. It declared that Father did not owe any reimbursement to Mother for paid college expenses and ordered Father to pay for the son's college expenses. Mother filed a post-trial motion, which the trial court denied. Mother appeals.

## Standard of Review

■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Jansen v. Westrich*, 95 S.W.3d 214, 217–18 (Mo.App. S.D.2003). "[T]he trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares the law or applies the law." *Id.*

## Legal Analysis

In her first point, Mother argues that the trial court erred in abating[2] child support on the ground that the daughter failed to provide an official transcript to her and Father because neither Missouri law nor the dissolution decree required the daughter to provide an official transcript showing grades and credits earned but only an official document. Section 452.340.5[3] states in relevant part:

> To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which

---

2. Abatement is only proper in two statutory situations: a period of thirty days of voluntary relinquishment of custody and the period of denial of court-ordered visitation or custody without good cause. *Peine v. Peine*, 200 S.W.3d 567, 574 (Mo.App. W.D.2006) (citing sections 452.340.2 and 452.340.7, respective-ly). The trial court's ruling is better characterized as "relieving Father of his obligation."

3. Statutory references are to RSMo 2000 and the Cumulative Supplement 2010. Rule references are to Missouri Rules of Civil Procedure (2010).

includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.

Noncompliance with this section relieves the parent from the obligation to pay child support for the term in which the child[4] failed to provide the parent with the proper documentation. *Jansen*, 95 S.W.3d at 218.

In *Waddington v. Cox*, this court's Eastern District held under a liberal construction of section 452.340.5 that a document other than an official transcript, which depicted grades and credits earned, satisfied the statutory mandate because the language within section 452.340.5 provided that the child could send alternative official documents that were similar to transcripts. 247 S.W.3d 567, 571 (Mo.App. E.D.2008). It concluded that a printout of an unofficial transcript from the school's website, which was inalterable, constituted an official document. *Id.*

Mother testified that she had not seen a transcript but had seen, printed off, and mailed to Father unofficial transcripts from the university's website. Father testified that he had not seen a transcript and denied receiving the unofficial transcripts. To the extent that the trial court found noncompliance because the online transcript was unofficial, it erred.[5] However, we do not disturb a ruling because the trial court's reasoning was erroneous if the ruling was correct. *Eckhoff v. Eckhoff*, 71 S.W.3d 619, 622 (Mo.App. W.D.2002). Thus, if the evidence supports relieving Father of his obligation to pay child support, we will affirm. *Id.*

The trial court found that Father's obligation for the daughter "abated effective August 1, 2007." It did not make a semester-by-semester determination as required. Compliance with section 452.340.5 is determined on a semester-by-semester basis. *Peine v. Peine*, 200 S.W.3d 567, 572 (Mo. App. W.D.2006). The pleadings indicate that the only semesters in front of the court were Fall 2007, Spring 2008, and Fall 2008.

Father asserts that notice for the first semester, Fall 2007, was not satisfied because he did not receive any official documents from the university, prior to their daughter's enrollment, but only informal letters from Mother informing him that their daughter had enrolled at Rockhurst University. He also asserts noncompliance because any official documents he received were provided in the middle of the first semester. To receive continued support for the first semester, the child must provide the obligated parent with proof of enrollment. *Id.* The proof should be provided before or contemporaneous to the start of the first semester. *See id.* at 573. Evidence was presented that Mother sent Father a bill from Rockhurst, containing the daughter's fall semester schedule, in August 2007. Father admitted receiving all the bills. Consequently, the daughter was eligible to receive continued support because the notice for the first semester was satisfied.

Father also asserts that the daughter did not satisfy the notification requirements for the subsequent semesters because, at the beginning of each semester,

---

4. The parent receiving child support may also provide the requisite information to the obligated parent. *McFadden v. McFadden*, 200 S.W.3d 594, 598 n.2 (Mo.App.W.D.2006).

5. *See Ricklefs v. Ricklefs*, 111 S.W.3d 541, 544 (Mo.App. W.D.2003) (stating that a transcript from institution is required but not specifying that it had to be official).

she failed to provide Father with an official document showing grades and credits earned or a list of classes she had enrolled in and their corresponding credits for each upcoming semester. After the first semester, compliance with the notification mandates set forth in section 452.340.5 requires the child, at the beginning of each semester, to provide the parents an official document showing grades and credit hours earned and an official document showing the class schedule for the upcoming semester, complete with the corresponding number of credits being sought. *Id.* at 572. Father admitted that the bills he received contained the daughter's schedule for the upcoming semester, which included corresponding credits. Mother testified that she sent those bills prior to the beginning of the semesters on December 3, 2007, for Spring 2008, and another one on July 14, 2008, for Fall 2008. This part of the notification requirement was satisfied.

■ Although we have decided that the printouts were official documents, we cannot find that Mother satisfied the grade notification requirement. Father and Mother provided conflicting evidence as to whether the unofficial transcripts were mailed to Father. Mother provided copies of the unofficial transcripts for Fall 2007, Spring 2008, and mid-term of Fall 2008. The dates shown on the documents indicated they were printed off on January 3, 2008, May 21, 2008, and October 15, 2008, respectively. Mother testified that the documents were mailed to Father at or near the time they are dated. Father denied receiving them. Conflicts in testimonial evidence are for the trial court to resolve. *See Bohac v. Akbani,* 29 S.W.3d 407, 411 (Mo.App. E.D.2000). Father requests that we infer from the ruling that

the trial court believed him. Under our standard of review, we give deference to the trial court's rulings "turning on evidentiary and factual evaluations by the trial court, but no such deference is accorded, however, when the law has been erroneously declared or applied." *Buchholz v. Buchholz,* 166 S.W.3d 146, 152 (Mo.App. S.D.2005). Rule 73.01(c) states in relevant part, "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." However, the trial court made a specific finding as to the reason for noncompliance, so this rule is inapplicable.

The trial court's legal conclusion that the daughter's failure to provide her parents with official transcripts constituted noncompliance suggests that the trial court rejected other grounds for finding noncompliance with section 452.340.5. However, the conflict in the record prevents us from concluding that the trial court believed Mother's evidence over Father's evidence, so we remand this issue to the trial court to resolve. *See Whitworth v. Whitworth,* 878 S.W.2d 479, 484 n. 3 (Mo.App. W.D. 1994) (stating we remand to the trial court when the record precludes a fair judgment). Mother's first point is granted.[6]

■ In her second point, Mother argues that the trial court erred by misapplying the law in finding that the daughter's attendance at a "community college rather than the college of her choice [was] a condition precedent to [Father's] payment of one-half of her college expenses" because neither Missouri law nor the decree required the daughter to attend "only the cheapest college available." Father asserts that Mother has no standing to raise the issue because she has not been ag-

---

6. Because this ruling may affect the refund that Mother was ordered to pay, we remand the refund issue for reconsideration. *See*

*Morton v. Myers,* 21 S.W.3d 99, 108 (Mo.App. S.D.2000).

grieved by the court's finding that neither parent was obligated to finance the daughter's education. Father misreads Mother's point. Mother is essentially challenging the denial of reimbursement based on this finding; thereby this finding has aggrieved Mother.

■■■ Mother argues that the court's finding was erroneous because it added the condition precedent that the children had to attend the college offering the highest financial award before Mother or Father were obligated to pay their college expenses. In interpreting a trial court's judgment, we consider the language used in its entirety and determine the meaning from all of its parts. *Janes v. Janes*, 242 S.W.3d 744, 748 (Mo.App. W.D.2007). We do not look beyond the judgment to determine the meaning if the contested language is plain and unambiguous. *Id.*

The dissolution decree ordered in part: "With regard to the college expenses (defined as post-secondary, college, university or vocational and technical school, state or private) of the minor children, the parties agree that each shall pay [half] of the children's college costs for a four (4) year bachelor's degree, as defined herein and subject to [certain conditions]." [7] One of those conditions was, "Each child shall be expected to apply for all available grants and scholarships to help defer said costs." These terms required the children to apply for grants and scholarships and arguably accept any awarded amount to defer costs. However, these terms did not require them to attend the institution offering the most financial assistance. It makes sense that the child would accept the highest award. However, the language depicting the types of colleges shows an intent that

the child has the decision to select which institution to attend and then accept any awarded funds to defer the costs.

The daughter satisfied the condition of applying for grants and scholarships to help defer costs because she applied for and accepted a scholarship reducing her $24,000 tuition at a private four-year institution to $12,000. Accordingly, the trial court erred in finding neither Mother nor Father was obligated to pay for any of the daughter's college expenses. Consequently, it erred in denying Mother's request for reimbursement on this basis. Mother's second point is granted.

■■■ In her third point, Mother argues that the trial court erred in abating child support for the son because the evidence does not support a finding that Mother voluntarily relinquished custody of the son, although he had been residing with Father. Section 452.340.2 states:

The obligation of the parent ordered to make support payments shall abate, in whole or in part, for such periods of time in excess of thirty consecutive days that the other parent has voluntarily relinquished physical custody of a child to the parent ordered to pay child support, notwithstanding any periods of visitation or temporary physical and legal or physical or legal custody pursuant to a judgment of dissolution or legal separation or any modification thereof.

Mother argues that she did not voluntarily relinquish custody because Father conceded that Mother did not agree to the son moving in with him. The record does not show this concession. Rather, Father testified that he had an agreement with Mother concerning change in custody be-

---

7. The decree refers to the costs of a "four (4) year bachelor's degree." Father now argues that the decree *required* daughter to attend a community college, which offered only two-

year associate's degrees, and, thereafter, transfer to a four-year institution. The decree's language does not support this interpretation.

cause they switched their parenting schedules. Mother, alternatively, argues that Father's failure to pay his share of medical expenses and college expenses prevented her from objecting to the son's move. Mother cites for support, *Harris v. Rattini*, in which the court found that a *de facto* move by child was not evidence of a voluntary relinquishment of custody because father's failure to pay child support deprived the mother of an opportunity to object to the move. 855 S.W.2d 410, 412 (Mo.App. E.D.1993). *Harris* is inapplicable to this case because the evidence here showed a *de facto* move and Mother's implied consent by switching parenting schedules. Thus, the trial court did not err in finding Mother voluntarily relinquished her custody. Mother's third point is denied.

In her fourth and final point, Mother argues the trial court erred in ordering her to pay child support retroactively to August 1, 2007, because the law precludes a retroactive modification of child support before the date of personal service of Father's motion to modify, which was June 24, 2008. In her argument, Mother argues that because child support cannot be modified before the date of personal service, the trial court erred in abating child support from August 1, 2007. It is apparent that the terms modification and abatement are erroneously used interchangeably.

First, the trial court commenced Mother's obligation to pay child support for the son on July 16, 2008, which was subsequent to the service date. Second, abatement of child support is different from modification, and the retroactive limitation does not apply to abatements. Under section 452.340.2, abatement occurs during a certain period in which custody of the child has voluntarily been relinquished. As we have already concluded in point three, the trial court properly determined Mother voluntarily relinquished custody of the son on August 1, 2007. Consequently, Mother's fourth point is denied.

## Conclusion

In conclusion, the trial court erred in finding that the daughter neither adhered to the statutory requirements to receive child support beyond the age of eighteen nor satisfied the condition precedent triggering her parents' obligations to share the costs of her college expenses. The trial court did not err in finding that Mother voluntarily relinquished her custody of the son. Therefore, we affirm in part, reverse the modification judgment in part, and remand to the trial court for further proceedings consistent with this opinion.

PFEIFFER, P.J., and AHUJA, J. concur.