**RANDALL, BOXX & MASRI, P.C., Plaintiff,**

v.

**Ed NORMAN and Lonna Norman, Defendants–Appellants,**

v.

**Chris Pugh, Defendant–Respondent.**

**No. 28325.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 8, 2007.

Richard Schnake, Neale & Newman, L.L.P., Springfield, for Appellant.

Mark A. Stephens, Aurora, for Respondent.

WILLIAM C. CRAWFORD, Senior Judge.

This appeal arises from a judgment awarding interpleaded funds to Chris Pugh ("Pugh"). In 1999, Pugh and Lonna Norman ("Norman") were divorced. The dissolution decree awarded Norman the marital home and assigned Pugh the amount of $28,406.74 as equity in the marital home, to be distributed only upon the occurrence of one of a list of certain conditions. One of those conditions was met

when Norman and her present husband, Ed Norman (collectively "the Normans"), sold the house. Pugh claimed interest was owed on the $28,406.74 since the date of the marital dissolution. Both parties agreed that if interest was to be awarded on the $28,406.74, the amount of interest at the time of the sale would be $14,185.05. Randall, Box, & Masri, P.C., the law firm that served as the escrow and closing agent on the home sale, agreed to retain the disputed amount and file the underlying interpleader action. Both parties filed motions for summary judgment, and the trial court granted Pugh's motion for summary judgment and awarded the $14,185.05 to Pugh. The Normans now appeal from the grant of Pugh's motion for summary judgment.

■ The 1999 judgment of dissolution of marriage ("1999 Dissolution") stated, in pertinent part, that

[i]t is further ordered, adjudged and decreed that [Pugh] is awarded the amount of $28,406.74 as equity from the marital [home], and shall receive the amount of $28,406.74 when any one of the following circumstances and/or conditions are met: (1) The minor children [of the marriage] are emancipated; (2) [Norman] remarries; or (3) the marital [home] is sold; (4) [Norman] vacates the subject [home] for at least thirty (30) days with no intention of living in said residence.[1]

The trial court concluded that the 1999 Dissolution bore interest and granted Pugh's motion for summary judgment.

On appeal, the Normans assert two arguments. First, they claim that, under Section 408.040,[2] no interest accrued because nothing was due to Pugh until the occurrence of one of the events listed in the 1999 Dissolution. This point is dispositive and we need not reach the Normans' second point.

■ We review the grant of a motion for summary judgment de novo. *City of Hazelwood v. Peterson*, 48 S.W.3d 36, 38 (Mo. banc 2001). We review the record in the light most favorable to the party against whom summary judgment was granted. *Id.* "Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* at 38–39; Rule 74.04(c).

■ Section 452.330 provides that, in a marriage dissolution proceeding, the trial court shall divide the marital property "in such proportions as the court deems just after considering all relevant factors" including the economic circumstances of each spouse. Thus, irrespective of the provisions of Section 408.040, in the context of a proceeding for dissolution of marriage the decision whether to award or not award interest on a money judgment arising out of the division of marital property before a payment becomes due is within the discretion of the trial court after it has considered all relevant factors. *Smithson v. Smithson*, 986 S.W.2d 939, 941–42 (Mo. App. S.D.1999); *W.E.F. v. C.J.F.*, 793 S.W.2d 446, 453 (Mo.App. E.D.1990); *Cor-*

1. Although Norman remarried and her remarriage was one of the triggering events under the 1999 Dissolution, neither party has treated the date of her remarriage as pertinent to the case at bar.

2. Section 408.040 stated, in part, that
   1. Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.
   Statutory references are RSMo 1994, unless otherwise noted.

*bett v. Corbett,* 728 S.W.2d 550, 555 (Mo. App. W.D.1987).

The language of the 1999 Dissolution is clear: it states that Pugh is to be awarded the amount of $28,406.74 as equity in the marital home, and that Pugh "shall receive the amount of $28,406.74 when ... the marital [home] is sold...." The 1999 Dissolution contains no language granting interest to Pugh on this amount before the occurrence of that event. Pugh did not appeal the trial court's failure to award interest in the 1999 Dissolution. Thus, as a final, unappealed judgment, the 1999 Dissolution was not open to impeachment, contradiction, or modification in the interpleader proceeding below, and therefore remains valid and enforceable as written. *Barry, Inc. v. Falk,* 217 S.W.3d 317, 320 (Mo.App. W.D.2007); *Timmons v. Timmons,* 139 S.W.3d 625, 629 (Mo.App. 2004).

The summary judgment of the trial court awarding Pugh $14,185.05 in interest on the $28,406.74 equity award is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

LYNCH, C.J., and BARNEY, P.J., concur.